# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| STEVEN SEARS, on behalf of himself and others similarly situated, | Civil Action No.: |
| Plaintiff, | **COMPLAINT - - CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| HUNTER WARFIELD, INC. | |
| Defendant. | |

## NATURE OF ACTION

1.  This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of Illinois consumers who have been the subject of debt collection efforts by Hunter Warfield, Inc. ("Defendant").

2.  Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.  As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection

1

practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. And over one-third of those complaints received by the CFPB involved debt collectors' attempts to collect debts that consumers did not owe.[2]

5. To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a).

6. A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

7. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).

8. Critically, to allow a consumer to properly determine whether a debt is actually owed and how to subsequently resolve the debt, a debt collector must state "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

---

[1] *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

[2] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2016* at 16-17 (2016), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2016/.

## PARTIES

9. Steven Sears ("Plaintiff") is a natural person who at all relevant times resided in Rock Island County, Illinois.

10. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, fees related to a rental property in which he previously resided (the "Debt").

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Defendant is a revenue recovery firm based in Tampa, Florida.

14. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it was in default from the time that Defendant acquired it for collection.

16. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

17. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

18. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

19. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district, and as Plaintiff resides in this district and division.

## FACTUAL ALLEGATIONS

20. On or about February 9, 2018, Defendant sent an initial written communication to Plaintiff in connection with the collection of the Debt.

21. A true and correct copy of the February 9, 2018 written communication is attached as Exhibit A.

22. The February 9, 2018 communication was the first communication Plaintiff received from Defendant in connection with the Debt.

23. Plaintiff did not receive any additional written communications from Defendant within five days of the February 9, 2018 communication.

24. The February 9, 2018 communication advised Plaintiff that Defendant represented Relocation Reps LLC (the "Relocation Reps"). *See* Ex. A.

25. The February 9, 2018 communication also advised Plaintiff that Relocation Reps had referred the matter to Defendant to address collection of the Debt. *Id.*

26.     Critically, while the communication provides a principal balance, the February 9, 2018 communication omits the amount of money due or allegedly due. *Id.*

27.     In fact, the February 9, 2018 communication states: "Please be advised that your delinquency in the amount of $ which is owed to our client, RELOCATION REPS LLC, is outstanding. This debt has been referred to us for collection. Accordingly, demand is hereby made for full payment of our past due account." *Id.*

28.     The February 9, 2018 communication then advised Plaintiff that "[i]n order to resolve this matter, please remit payment in full" without identifying the amount that Plaintiff is required to pay to resolve the matter. *Id.*

29.     The February 9, 2018 communication also contained an "Amount Due" box that is blank.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of a class consisting of:

> All persons (a) with an Illinois address, (b) to whom Hunter Warfield, Inc., (c) within one year before the date of this complaint, (d) in connection with the collection of a consumer debt, (e) mailed an initial debt collection communication not returned to Hunter Warfield, Inc. as undeliverable (f) that (1) did not state the amount of the debt that is due or allegedly due, or (2) stated "[p]lease be advised that your delinquency in the amount of $ which is owed to our client…." but omitted an amount after the dollar sign.

31.     Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

5

32. The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

33. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

34. The proposed class is ascertainable because it is defined by reference to objective criteria.

35. In addition, and upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

36. The proposed class satisfies Rules 23(a)(2) and 23(a)(3) because Plaintiff's claims are typical of the claims of the members of the class.

37. To be sure, the claims of Plaintiff and all members of the class originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

38. Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

39. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that he seeks to represent.

40. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

41. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

42. There will be no unordinary difficulty in the management of this action as a class action.

43. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

44. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the FDCPA as alleged herein;

   b. Whether Defendant is a debt collector as defined by the FDCPA;

   c. the availability of statutory penalties; and

   d. the availability of attorneys' fees and costs.

**COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)**

45. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 44.

46. The FDCPA at 15 U.S.C. § 1692g(a) provides, in pertinent part:

(a) **Notice of debt; contents** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

47.  The February 9, 2018 communication does not set forth the amount of the Debt. *See* Ex. A.

48.  Therefore, Defendant violated 15 U.S.C. § 1692g(a). *See, e.g.*, *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, LLC*, 214 F.3d 872, 875 (7th Cir. 2000) ("The statement does not comply with the Act (again we can find no case on the question). The unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt.").

49.  The harm suffered by Plaintiff is particularized in that the violative February 9, 2018 communication was sent to him personally, regarded his personal obligation, and failed to give him statutorily-mandated disclosures to which he was entitled.

50.  "Section 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a

consumer to confirm that he owes the debt sought by the collector before paying it." *Papetti v. Does 1-25*, 691 F. App'x 24, 26 (2d Cir. 2017).

51. And the content of the February 9, 2018 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA. *See, e.g.*, *Zirogiannis v. Seterus, Inc.*, No. 17-140-cv, 2017 WL 4005008, at *2 (2d Cir. Sep. 12, 2017) (concluding "that the specific procedural violation alleged in the amended complaint presents a material risk of harm to the underlying concrete interest Congress sought to protect with the FDCPA").

52. Specifically, where a consumer is not told the amount of the Debt, he has no way to assess whether the amount the debt collector says is owed is actually owed. *Dechert v. Cadle Co.*, No. IP01-880-C(B/G), 2003 WL 23008969, at *3 (S.D. Ind. Sept. 11, 2003) ("Consequently, with respect to the issue of its failure to identify the total amount of the debt due and owing, the letter violates the FDCPA.").

53. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Haddad v. Midland Funding, LLC*, 255 F. Supp. 3d 735, 739 (N.D. Ill. 2017).

**TRIAL BY JURY**

54. Plaintiff is entitled to and hereby demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests relief and judgment as follows:

a. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(a)(1);

  c. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

  d. Awarding members of the class any actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

  e. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

  f. Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

  g. Awarding other and further relief as the Court may deem just and proper.

Dated:  April 11, 2018        Respectfully submitted,

                /s/ *Aaron D. Radbil*
                Aaron D. Radbil
                Greenwald Davidson Radbil PLLC
                106 E. 6th Street, Suite 913
                Austin, TX  78701
                Tel: (561) 826-5477
                Fax: (561) 961-5684
                aradbil@gdrlawfirm.com

                James L. Davidson*
                Greenwald Davidson Radbil PLLC
                5550 Glades Road, Suite 500
                Boca Raton, FL 33431
                Tel: (561) 826-5477
                Fax: (561) 961-5684
                jdavidson@gdrlawfirm.com

                Lead Counsel for Plaintiff and the proposed class

William Breedlove
Breedlove Legal LLC
3610 25th Street, Suite 3
Moline, Illinois 61265
Phone: 309.517.0704
Fax: 309.517.0678
william@breedlovelegal.com

Co-Counsel for Plaintiff and the proposed class

* application for admission pending